Yolanda Garcia GARCIA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71372.

Agency No. A75–523–987.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2003.*

Decided Nov. 12, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Anna J. Brown, United States District Judge for the District of Oregon, sitting by designation.

Arielle N. Bases, Law Office of Arielle Bases, Encino, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Cindy S. Ferrier, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HALL and O'SCANNLAIN, Circuit Judges, and BROWN, District Judge.**

MEMORANDUM***

Petitioner Yolanda Garcia Garcia challenges the Board of Immigration Appeals' ("BIA's") decision upholding the Immigration Judge's ("IJ's") denial of her application for cancellation of removal. We lack jurisdiction to review the BIA's judgment pursuant to 8 U.S.C. § 1252(a)(2)(B)(i) since the judgment resulted from a discretionary determination. Accordingly, we may not disturb the BIA's order.

Because the facts are known to the parties we do not repeat them here.

Garcia argues that the IJ erroneously found that her removal would not cause "exceptional and extremely unusual hardship" to her sons, a finding which resulted in the denial of her application under 8 U.S.C. § 1229b(b)(1). We may not review such a finding. The Illegal Immigration Reform and Immigrant Responsibility Act

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

of 1996 eliminated judicial review of the BIA's discretionary decisions regarding cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002). In *Romero–Torres v. Ashcroft*, the court held that the "exceptional and extremely unusual hardship" determination is a "subjective, discretionary judgment that has been carved out of our appellate jurisdiction." 327 F.3d 887, 888 (9th Cir. 2003). Thus, we lack jurisdiction to review the IJ's determination that Garcia failed to prove "exceptional and extremely unusual hardship."

Because meeting the heightened hardship requirement is a necessary element in establishing eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1), the court cannot disturb the BIA's judgment absent other serious error, in which case the court exercises jurisdiction under 8 U.S.C. § 1252. Garcia has not shown such error.

We are not persuaded by Garcia's argument that the IJ abused her discretion in denying Garcia's motion for a continuance. The decision whether to grant a continuance at a removal hearing "is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse." *Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996). Garcia was afforded ample time–about eight months–to gather evidence to support her application. Instead, she waited to move for a continuance until she appeared in person and did not indicate how long it would take to obtain medical and psychological evaluations of her sons. Moreover, the IJ accepted Garcia's testimony about her sons' conditions even without any medical reports. *See Administrative Record*, at 66.

Nor is the court persuaded that the IJ violated Garcia's due process right to "a full and fair hearing." *Getachew v. INS*, 25 F.3d 841, 845 (9th Cir.1994). The court reviews this claim *de novo*, and will reverse the BIA on due process grounds only if the proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). In addition, the alien must show prejudice. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002). The record does not establish that the IJ was biased or prevented Garcia from presenting her case. Rather, Garcia received a full and fair hearing.

**AFFIRMED.**